UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KENNETH KROUSE
17184 Lawrence 2109
Mt. Vernon, MO 65712

        Plaintiff,

v.                                                    Case No. 2:14-cv-2021

MARTIN, PRINGLE, OLIVER, WALLACE &
BAUER, L.L.P.
**serve:**  Jeffrey Kennedy, Managing Partner       **COMPLAINT**
        100 North Broadway, Suite 500
        Wichita, KS 67202

        &                                        **JURY TRIAL DEMANDED**

Richard K. Thompson
**serve at place of employment:**
     100 North Broadway, Suite 500
     Wichita, KS 67202

        Defendants.

## COMPLAINT

Plaintiff Kenneth Krouse, by and through his undersigned counsel, for his Complaint against defendants Martin, Pringle, Oliver, Wallace & Bauer, L.L.P ("**Martin Pringle**") and Richard K. Thompson ("**Thompson**") states the following.

### CASE SUMMARY

1. This case stems from Defendants Martin Pringle's and Thompson's unlawful attempts to collect an alleged debt from the Plaintiff Krouse. In short, and pursuant to the Fair Debt Collection Practices Act, a debt collector such as Martin Pringle can bring an action to recover a debt only in a judicial district in which a consumer signed the contract sued upon or in which the consumer resides at the time the action is commenced. 15 U.S.C. §1692i(a)(2)(A)–(B). Here, Martin Pringle knowingly filed suit against Plaintiff Krouse in a forum in which he never signed a contract and in which he did not reside. Not only did Defendant Martin Pringle file the unlawful suit, but Defendant Martin Pringle also refused to drop its suit until well after Mr. Krouse retained counsel.

## NATURE OF THE CASE

2. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (the "**FDCPA**"). Plaintiff Krouse seeks actual and statutory damages and other relief against the defendant debt collector, arising from Defendant Martin Pringle's illegal suit in an improper forum.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 15 U.S.C. §1692k. Venue in this District is proper because the actions complained of occurred in this District. With regards to venue, 28 U.S.C. § 1391(b)(2) provides that a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

5. Plaintiff Kenneth Krouse is a natural person and resides in Mt. Vernon, Lawrence County, Missouri.

6. At all times material hereto, Plaintiff is and was a "consumer" as that term is defined in §1692a of the Act.

7. Defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. ("**Martin Pringle**") is a Kansas limited liability partnership that regularly collects or attempts to collect debts owed or asserted to be owed another.

8. Accordingly, Defendant Martin Pringle is a "debt collector" as that term is described in §1692a(6) of the Act.

9. Defendant Richard K. Thompson is an attorney employed by Martin Pringle who regularly collects or attempts to collect debts owed or asserted to be owed another.

10. Accordingly, Defendant Thompson is a "debt collector" as that term is described in §1692a(6) of the Act.

11. Defendants Martin Pringle and Thompson are subject to the jurisdiction and venue of this Court.

12. The debt being collected by Martin Pringle and Thompson was a debt made by the Plaintiff arising from a consumer credit card transaction or transactions made primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. Whenever it is alleged herein that Defendant(s) or persons acting on behalf of Defendant(s) did any act or thing, it is meant that said Defendant(s) performed, participated in, directed and/or ratified such act or thing, or that such act was performed by the officers, agents, employees, or representatives of Defendant(s) acting within the scope and course of employment and agency.

14. At all times relevant for this lawsuit, Defendant Thompson acted as an employee and agent of Defendant Martin Pringle and his acts were within the scope and course of that employment and agency.

15. On or about February 1, 2013, Intrust Bank, N.A. ("**Intrust**" or the "**Creditor**"), through Defendants, filed a petition against Mr. Krouse in the District Court of Johnson County, Kansas (the "**Johnson County Petition**").

16. Martin Pringle and Thompson were listed as Intrust's attorney on Intrust's petition.

17. The Johnson County Petition alleged that Mr. Krouse was indebted to Intrust as a result of his use of an Intrust credit card (the "**Intrust Credit Card**") that Plaintiff Krouse requested.

18. Plaintiff Krouse disputes that he owes the full amount Defendants and Intrust sought to collect on the Intrust Credit Card debt.

19. Plaintiff Krouse used the Intrust Credit Card to acquire personal property and/or services solely for his personal, family or household use.

20. Intrust has its headquarters and principal place of business is in Wichita, Kansas.

21. Defendants Martin Pringle and Thompson knew that Mr. Krouse did not reside in Johnson County, Kansas.

22. Defendants Martin Pringle and Thompson sent Plaintiff Krouse letters dated June 2, 2010, and June 24, 2010 (together, the "**Collection Letters**").

23. Both Collection Letters were signed by Defendant Thompson.

24. In the Collection Letters, Defendants Martin Pringle and Thompson address debt allegedly owed by Plaintiff Krouse to Intrust.

25. The Collection Letters were addressed to and delivered to Plaintiff Krouse's home address in Mount Vernon, Missouri.

26. On or about March 20, 2013, Defendants Martin Pringle and Thompson served or directed to be served on Plaintiff Krouse the Summons on the Johnson County Petition by certified U.S. Mail at Plaintiff Krouse's residence in Mt. Vernon, Missouri.

27. Mr. Krouse does not now and has never lived in Johnson County, Kansas.

28. Mr. Krouse did not sign a credit card agreement with Intrust or its predecessor(s) in Johnson County, Kansas.

29. Sometime in early April 2013, Mr. Krouse contacted a Kansas City attorney, Terry L. Lawson, Jr., to defend Plaintiff Krouse in the Johnson County Petition.

30. Plaintiff Krouse hired Mr. Lawson on or about April 9, 2013.

31. On April 9, 2013, Mr. Lawson sent a letter via facsimile to Defendants Martin Pringle and Thompson,.

32. The Lawson Letter informed Defendants Martin Pringle and Thompson of Mr. Lawson's appearance and also informed Defendants Martin Pringle and Thompson of the FDCPA violations Defendants Martin Pringle and Thompson committed by filing suit against Mr. Krouse in a forum where he did not reside and where no contract at issue was signed.

33. Defendants Martin Pringle and Thompson did not immediately dismiss the Johnson County Petition after learning that they had filed the Petition in violation of the FDCPA.

34. Accordingly, in order to defend Plaintiff Krouse on the Johnson County Petition, Mr. Lawson was forced to formally enter his appearance with the Johnson County Court on or about April 12, 2013.

35. Nearly a month after Mr. Lawson entered his appearance on behalf of Mr. Krouse, Defendant Martin Pringle finally dismissed the Johnson County Petition.

## CLAIM FOR RELIEF FROM VIOLATIONS OF THE FDCPA
## Improper Venue under §1692i(a)(2)

36. Pursuant to the FDCPA, a collector can bring an action to recover only in a judicial district in which a consumer signed the contract sued upon or in which the consumer resides at the time the action is commenced. 15 U.S.C. §1692i(a)(2)(A)–(B).

37. Plaintiff Krouse did not sign a contract with Intrust in Johnson County, Kansas.

38. At all times relevant for this action Plaintiff Krouse has been a resident of Lawrence County, Missouri.

39. Plaintiff Krouse does not, and did not at the time of commencement of the

Johnson County Petition, reside in Johnson County, Kansas.

40. By filing the lawsuit in Johnson County, Kansas, Defendant Martin Pringle violated 15 U.S.C. §1692i(a)(2) by bringing a legal action in a location other than where a contract was signed or where the consumers resides.

41. When confronted with the unlawful nature of its lawsuit, Defendants Martin Pringle and Thompson continued to prosecute Intrust's suit instead of immediately remedying its error by dismissing the Johnson County Petition.

42. Plaintiff Krouse suffered actual damages on account of Defendants' unlawful conduct associated with and arising out of the filing and prosecution of the Johnson County Petition, including:

    a. The $1,500 cost of hiring Mr. Lawson to defend against the unlawful suit; and

    b. Garden variety emotional distress, lost time, lost sleep, aggravation, inconvenience, embarrassment and frustration.

**WHEREFORE**, Plaintiff Kenneth Krouse requests that this Court enter judgment against defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., and Defendant Richard K. Thompson, jointly and severally, for the Plaintiff as follows:

(A) Awarding actual damages to the Plaintiff as may be demonstrated, including the attorney's fees incurred as a result of defending the unlawful lawsuit;

(B) Awarding statutory damages in the amount of $1,000 per defendant for a total of $2,000 to the Plaintiff as provided by 15 U.S.C. § 1692k(a)(2)(A);

(C) Awarding Plaintiff his reasonable attorneys' fees and costs as provided by 15 U.S.C. § 1692k(a)(3); and

(D) Granting such other and further relief as may be deemed just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in the Kansas City, Kansas division of all issues triable by jury.

       Respectfully submitted,

       **CONSUMER LAW CENTER OF KANSAS CITY LLC**

       /s/ Larry A. Pittman II
       Larry A. Pittman II  D.Kan. 78034
       CONSUMER LAW CENTER OF KANSAS CITY LLC
       700 E. 8th St., Ste. 300
       Kansas City, MO  64106
       (816) 581-3900
       (816) 581-3909 fax
       lpittman@clckc.com